FRANK M. MODICA v. UNITED STATES [1]

United States Customs Court, Third Division

(Decided August 1, 1938)

*Strauss & Hedges* (*Howard C. Carter* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Joseph F. Donohue*, special attorney, and *Frank X. O'Donnell, Jr.*, junior attorney), for the defendant.

[1] C. D. 24.

Before CLINE, EVANS, and KEEFE, Judges; EVANS, J., not participating

KEEFE, Judge: Upon an importation of 303 baskets of dried figs, condemned by the Department of Agriculture as unfit for consumption, and exported under customs supervision, the collector took duty at 5 cents per pound under paragraph 740, Tariff Act of 1930, upon the basis of the difference found in the weight between the time of entry and the exportation thereof. The plaintiff claims that duty should not have been assessed because the entire shipment was exported and that any difference between the entered weight and the weight upon exportation was due to shrinkage.

At the trial the plaintiff proved that there was no loss in the quantity of figs contained in the 303 baskets from the time they were released from customs custody until delivered to customs custody for exportation; that the only figs extracted from the baskets were for the purpose of analysis and the quantity was not more than five pounds; and that the difference in weight equalled the normal shrinkage for this class of merchandise.

The assistant surveyor states in a letter to the collector which is a part of the evidence before us as follows:

Invoice and entry indicate total weight as 21376 lbs.

Weigher's dock book shows these 303 baskets weighed on pier on November 10, 1936, by Inspector G. Rodvien, resulting in a total weight of 22360 lbs. gross, 1913 lbs. tare, and 20447 lbs. net. Merchandise weighed in 3 truckloads on government electric platform scale and weight as returned is verified by weight as recorded on tape of electric scale.

Merchandise was delivered to importer on November 10, 1936, subsequent to weighing. Merchandise was later rejected by Department of Agriculture and the 303 baskets were transferred on March 25, 1937, from importer's store at 152 Wooster Street, New York, to Pier F, Jersey City, and laden on S. S. *Exermont* for export. Records indicate the entire 303 baskets were weighed on Pier F on March 25, 1937, by Inspector D. E. Gallagher in drafts on beam scales and total net weight ascertained as 19674 lbs. Available records show tools used to have been in good condition at time of reweighal.

This merchandise was out of Customs custody from time of original weighing to time of export and this office believes the difference of 773 lbs. between original landed weight and reweight as found at time of export to be due to loss of shrinkage which occurred during such period.

The evidence establishes that the difference between the net landed weight and the weight upon exportation is due to normal shrinkage. The Government admits that shrinkage might account for the loss. Duty appears to have been assessed because the figs had been removed from customs custody.

The plaintiff contends that as the entire shipment was exported all duty taken should be refunded, as no portion thereof entered the commerce of the United States, and the merchandise should receive the same treatment as a nonimportation.

The Government points out that the entire shipment was imported, entered and released for consumption and that a portion thereof was redelivered to customs custody for exportation. Upon the portion exported the duty was refunded under a privilege accorded the importer by virtue of a specific statutory provision and such privilege is limited to a strict interpretation of the statute granting the same.

In the case of *Kreutz & Co.* v. *United States*, 20 C. C. P. A. 109, T. D. 45752, the duty taken upon ergot of rye condemned by the Department of Agriculture was the subject of controversy. The court there pointed out that under the food and drugs act the importation of any article dangerous to the health of the people of the United States is prohibited, and that the section prohibiting importation thereof was as much a part of the tariff act pertaining to such goods as though actually written in the act quoting *McLean* v. *United States*, 6 Pet. 404, where the court held that no duties can legally accrue upon the importation of prohibited goods. The figs in question were examined at the time of importation and found unfit for food purposes. Therefore at the time of importation they constituted prohibited goods, and were not subject to duty or to entry into the commerce of this country. Upon proof that the entire shipment had been exported, none entering the commerce of this country, the duty taken thereon at the time of entry should have been refunded.

Judgment will therefore be entered in favor of the plaintiff, directing the collector to reliquidate the entry and to make refund of all duty taken.